UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 06-11452 |
| | : | CHAPTER 7 |
| MARTIN B. WILLIAMS AND DEBRA J. WILLIAMS, DEBTORS | : | |
| | : | |
| TAMERA OCHS ROTHSCHILD, TRUSTEE, Movant | : | DOCUMENT NO. 15 |
| vs. | : | |
| MARTIN B. WILLIAMS AND DEBRA J. WILLIAMS, Respondents | : | |

## MEMORANDUM

The husband-Debtor, Martin B. Williams, is the owner of certain assets as set forth in Schedule B-Personal Property:

| | |
|---|---:|
| Co. National Bank | $   800.00 |
| Co. National Bank (joint with son) | 100.00 |
| Ser. EE Bonds (joint with son) | 1,375.00 |
| Ser. EE Bonds (joint with son) | 1,086.46 |
| Pension American Funds | 10,466.35 |

Although these assets are in Martin B. Williams' name alone, the wife-Debtor, Debra J. Williams, asserts that she has an ownership interest as "an inchoate (dower) interest in the assets of Martin B. Williams" pursuant to the Pennsylvania Divorce Code, §23 Pa.Cons.Stat.Ann. §3501 and the Pennsylvania Law of Decedents, Estates and Fiduciaries, 20 Pa.Cons.Stat.Ann. §2101, 2105, and 2203.

Debtor's reliance on the Pennsylvania Divorce Code is misplaced. There is no divorce case pending. Even if the assets could be considered marital property in that they were acquired during marriage, "that classification is not sufficient to create an interest cognizable in bankruptcy for purposes of determining the validity of a claimed exemption." In re Horstman, 276 BR 80, 82 (Bankr. ED NC 2002) quoting In re Thorpe, 251 BR 723 (Bankr. WD MO 2000). The laws regarding the equitable division of

marital property in the event of divorce are not relevant to the issue before the Court.  See In re Horstman, 276 BR at 83-84.  Even in a case where a divorce was pending at the time of the bankruptcy filing, we have determined "that Pennsylvania law does not, when one of the spouses becomes a bankrupt, insulate the marital property from claims of creditors whose interests are represented by the bankruptcy trustee."  In re Polliard, 152 BR 51, 54 (Bankr. WD PA 1993).  See also In re Thomas, 331 BR 798 (Bankr. WD Ark. 2005) (whatever interest debtor's spouse possessed in debtor's IRA, as marital property that became subject to distribution in a divorce filed after the bankruptcy petition date, was an inchoate at best as of the commencement of debtor's bankruptcy case and was not entitled to priority over the interests of debtor's other creditors).

Similarly, any interest that the wife-Debtor has in the husband-Debtor's Decedent's Estate is an inchoate expectancy interest which is triggered only upon the death of one spouse.

Accordingly, the Trustee's Objection to Debtors' Exemptions must be sustained.  An appropriate Order will be entered.

Dated: MAR 1 6 2007

Warren W. Bentz
United States Bankruptcy Judge

c: Tamera Rothschild, Esq.
Sharon L. Smith, Esq.

**FILED**

MAR 16 2007

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA
ERIE OFFICE

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 06-11452 |
| | : | CHAPTER 7 |
| MARTIN B. WILLIAMS AND DEBRA J. WILLIAMS, DEBTORS | : | |
| | : | |
| TAMERA OCHS ROTHSCHILD, TRUSTEE, Movant | : | DOCUMENT NO. 15 |
| vs. | : | |
| MARTIN B. WILLIAMS AND DEBRA J. WILLIAMS, Respondents | : | |

### ORDER

This ___16th___ day of March, 2007, in accordance with the accompanying Memorandum, it is ORDERED that the Trustee's Objection to Debtors' Exemptions is SUSTAINED and Debtors shall turn over the amount of $4,207.81 to the Trustee within 30 days.

_____
Warren W. Bentz
United States Bankruptcy Judge

c: Tamera Rothschild, Esq.
Sharon L. Smith, Esq.



FILED
MAR 16 2007
CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA
ERIE OFFICE